1  ALEXIS GALINDO, ESQ. (SBN: 136643)
2  **CURD, GALINDO & SMITH**
   301 E. Ocean Blvd., Ste. 1700
3  Long Beach, CA 90802
4  Telephone: (562) 624-1177
   Facsimile: (562) 624-1178
5  *agalindo@cgsattys.com*
6  Attorney for Plaintiff, Frances Huber

7  LISA GRUEN (SBN# 116077)
8  *lgruen@goldbergsegalla.com*
   AUBREE MACKEY (SBN# 297550)
9  *amackey@goldbergsegalla.com*
10 **GOLDBERG SEGALLA LLP**
   777 S. Figueroa Street, Suite 1900
11 Los Angeles, CA 90017
12 Telephone:  213.415.7200
   Facsimile:  213.415.7299
13 Attorneys for Defendant
14 Sunbeam Products, Inc. and Amazon.com Services, Inc.

15              **UNITED STATES DISTRICT COURT**

16              **EASTERN DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18  Frances Huber, | Case No. 2:19-cv-01776-KJM-EFB |
| 19  　　　　　Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND ~~PROPOSED~~ ORDER THEREON** |
| 20  　　v. | District Judge: Kimberly J. Mueller, Dept. 3 |
| 21  Sunbeam Products, Inc.; Amazon.com Services, Inc.; DOES 1 through 20, | |
| 22  inclusive, | |
| 23  　　　　　Defendants. | |

24              **STIPULATED PROTECTIVE ORDER**

25        PLAINTIFF, FRANCES HUBER, an individual, and DEFENDANTS,

26 SUNBEAM PRODUCTS, INC., dba JARDEN CONSUMER SOLUTIONS, INC.,

27 a corporation (hereinafter "SUNBEAM"), and AMAZON.COM SERVICES, INC.,

28 a    corporation    (hereinafter    "AMAZON"),    (referred    to    collectively    as

-1-

25369353.v1

Goldberg Segalla LLP
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071

"DEFENDANTS") by and through their respective attorneys (referred to collectively as "THE PARTIES"), hereby enter into the following STIPULATION and PROTECTIVE ORDER (hereinafter "Protective Order") concerning documents, materials and information to be produced by THE PARTIES. DEFENDANTS desire to maintain the confidentiality of the documents and/or things themselves as well as the confidentiality of the fact of their existence, their description and identity and their sum and substance. The parties, their attorneys, their experts, and their agents have agreed to comply with the letter and intent of such confidentiality.

Specifically, the Parties to this action contemplate that discovery will involve information and documents that contain personal medical and financial information, trade secrets, proprietary or competitively sensitive financial and business information, and other private or confidential information. The Parties request entry of this Protective Order to establish procedures to enable the parties to obtain discovery of such information and documents; to protect against public disclosure; and to promptly resolve disputes over confidentiality. The Parties, through their counsel of record, stipulate as follows:

1.    <u>Scope and Application of Protective Order</u>.  This Protective Order governs all documents, information, or other material that is designated "Confidential Information" as defined herein, and that is produced in connection with this litigation by any person or entity (the "producing party") to any other person or entity (the "receiving party"), regardless whether the person or entity producing or receiving the Confidential Information is a party. The use of confidential documents and testimony and the information contained therein ("Protected Material" or "Confidential Information") by counsel in this litigation, and all others receiving said Protected Material from counsel, shall be strictly limited to use in this case alone and shall be subject to all the terms of this Protective Order.

-2-

STIPULATION FOR PROTECTIVE ORDER
CASE NO. 2:19-cv-01776-KJM-EFB

2.    Definitions.

2.1.    Confidential Information or Protected Material.  "Confidential Information" or "Protected Material" means any information that is private, confidential, or proprietary, including, but not limited to, the following representative but non-exclusive examples:

- personally identifiable information
- medical records
- taxes and other financial records
- accounting or financial statements (not including publicly available financial statements)
- trade secrets
- commercial, financial, pricing, budgeting, revenue, profit, or accounting information
- information about existing and potential customers
- marketing studies and projections
- business strategies, decisions, or negotiations
- compensation, evaluations, and employment information
- proprietary information about affiliates, parents, subsidiaries, and third-parties with whom the parties have or have had business relationships
- any other information whose disclosure could cause an invasion of privacy or competitive business harm.

This Protective Order is warranted because certain documents, information, records, and other SUNBEAM and/or AMAZON materials contain proprietary or confidential information which is entitled to be protected by a Court Order against disclosure to competitors or to third persons for any purpose other than its use in this specific litigation. Confidential Information derives value from not being publicly known, and public disclosure could lead to serious and unwarranted injury. Such documents and other materials will be disclosed to the PLAINTIFF or other parties

-3-

subject to the stipulation that the use of such materials shall be limited by the terms of this Protective Order.

2.2. Documents. The term "documents" includes all information or communications in any written or electronic form, regardless of format, and includes visual depictions such as photographs and videos.

2.3 Attorneys' Eyes Only. The label "Attorneys' Eyes Only" shall be used in the manner proscribed in subparagraph 7.2 below and means that the only person(s) allowed to view information so labeled are counsel for the party who requests the information, subject to subparagraph 7.1(a) below, or an expert or consultant, subject to subparagraph 7.1(d) below.

3. Designation of Confidential Information.

3.1. Good Faith Claims. All claims of confidentiality and objections to those claims must be made under a good faith belief that the information satisfies (or, in the case of objections, does not satisfy) the definition of Confidential Information.

3.2. Produced Documents. A party producing documents that it believes constitute or contain Confidential Information shall label the documents with the following legend or something substantially similar to clearly advise of the confidential nature of the contents:

> CONFIDENTIAL: Subject to Protective Order in Case No. 2:19-cv-01776-KJM-EFB in the United States District Court, Eastern District of California

The label shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, the file name shall contain the term "Confidential Information" or otherwise clearly indicate that it contains information subject to this Protective Order. If any person or party makes copies of documents designated as containing Confidential Information, each copy must be

-4-

25369353.v1

marked as containing Confidential Information in the same form as the original document.

A party producing documents that are stored on data storage devices shall designate the data storage device as containing Confidential Information, by labeling the data storage device and files as described above. If the receiving party or other persons or entities to whom disclosure is authorized under this Protective Order make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each copy as containing Confidential Information in the same form as the notice on the original data storage device. If the receiving party or other authorized person prints or makes copies of the documents stored on such data storage device, each page must be copied with the label specified in this section.

3.3.    Interrogatory Answers.  If a party answering an interrogatory believes that its answer contains Confidential Information; it shall answer in a separate document that is designated as Confidential Information.

3.4.    Inspections of Documents.  If the parties inspect documents rather than produce copies, no designation of Confidential Information needs to be made before the inspection. The party making documents available for inspection may designate categories of documents that contain Confidential Information, and the information contained in those documents shall be considered Confidential Information under this Protective Order. If the inspecting party selects documents to be copied, the producing party shall designate Confidential Information when the copies are produced.

3.5.    Deposition Transcripts.  To the extent possible, testimony shall be designated confidential at the time it is given by deposition or otherwise, including any videotape depositions. Any confidential exhibits referred to in a deposition shall be noted as confidential in the record. The court reporter shall be advised of this Protective Order and given a copy of this Protective Order to be

-5-

25369353.v1

included with any transcript of the deposition. No person except those permitted access to Confidential Information by this Protective Order can attend depositions when Confidential Information is disclosed. Within 30 days after receiving a deposition transcript, a party may inform the other parties if the transcript or portions of it are designated as Confidential Information. If a party indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for the 30 days. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information. The confidential portion or portions, including exhibits, of such transcript shall be subject fully to the terms and conditions of this Protective Order. To the extent that such Protected Material has been or may be in the future used in the taking of depositions, it shall remain subject to the provisions of this Protective Order, and so shall the transcript pages of all deposition testimony relating to said Protected Material.

3.6.    Multipage Documents.  A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

3.7    Handling of Original Documents. The originals of the above described documents shall remain in the custody of Defendants or their counsel. All copies of such material, however obtained, shall be subject to the terms of this Protective Order. No additional copies of any of the Protected Material shall be made unless pursuant to instructions by counsel in this litigation and unless counsel maintains a strict accounting of each such copy.

-6-

25369353.v1

4.      Designations by Another Party.

      4.1.    Notification of Designation.  If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by notifying all parties in writing within 30 days of service of the document.

      4.2.    Return of Documents.    Whenever a party other than the producing party designates a document as Confidential Information under subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party.

5.      Objections to Designations.

      5.1.    Notice of Objection.  Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify the designating party and all other parties of the objection in writing within 30 days of receiving the designation or, if a document is first produced fewer than 30 days before trial, within half of the time remaining before trial. This notice must identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

      5.2.    Conference Regarding Objection.  The parties with an interest in resolution of the objection shall confer within 10 days after such objection to attempt to resolve their differences, unless the parties agree to a longer time. If the parties cannot resolve their differences, the objecting party shall have 14 days after the conference to file a motion to remove the Confidential Information designation.

      5.3.    Treatment after Objection Is Raised.  All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Protective Order unless and until

-7-

25369353.v1

the Court rules otherwise. If the Court rules that a Confidential Information designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the Confidential Information designation. If the Court should determine that said information is not "privileged," or "proprietary" or otherwise "confidential" in nature, the parties and all those who have assisted the parties in the preparation and prosecution of this action, including expert witnesses, shall be relieved from the mandates of this Protective Order as it relates to such information.

6. <u>Custody</u>. All Confidential Information and all copies, extracts, and summaries thereof, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7. <u>Handling of Confidential Information before Trial</u>.

7.1. <u>Authorized Disclosures</u>. Confidential Information shall be disclosed by the receiving party only to the following persons:

a. Counsel for the parties, including their associates, clerks, paralegals, and secretarial personnel;

b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c. Deposition and trial witnesses;

d. Experts and their staff who are consulted by counsel for a party in this litigation;

e. Parties and their employees and insurers with a discernible need to know;

f. In-house counsel and paralegals;

g. Vendors employed by counsel for copying, scanning, and handling of documents and data; and

-8-

25369353.v1

        h.        The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation. Without further order from the Court, Confidential Information and/or Protected Material shall not be disclosed for any purpose to any other individual, whether employed by a party to this action or not, who is known to be associated in anyway with a competitor of SUNBEAM and/or any other SUNBEAM entity, or a competitor of AMAZON and/or any other AMAZON entity, with the exception of any expert who may be retained by any party for purposes of this case, provided his or her identity and position has been disclosed and he or she has signed a non-disclosure agreement in the form of Exhibit A attached to this Stipulation, prior to the disclosure of any Protected Material. The Protected Material shall not be disclosed for any purpose to any other individual who is not associated in any way to this litigation.

        7.2    Highly Sensitive Information. Certain documents to be produced by the parties may be highly sensitive, proprietary, commercial, or personal information. Such highly sensitive information shall be labeled, in addition to the marking described in subparagraph 3.2, as "FOR ATTORNEYS' EYES ONLY" and such information will be disclosed only to counsel for the requesting party, subject to subparagraph 7.1(a), or to an expert or consultant, subject to subparagraph 7.1(d), and not to the Parties or any other person. A party producing documents that it believes constitute highly sensitive information shall label the documents with the following legend or something substantially similar:

> CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY: Subject to
> Protective Order in Case No. 2:19-cv-01776-KJM-EFB in the
> United States District Court, Eastern District of California

Documents labeled "FOR ATTORNEYS' EYES ONLY" are subject to all of the provisions of this Protective Order governing the use, disclosure, and

-9-

25369353.v1

destruction of Confidential Information, as well as the additional restrictions contained in this subparagraph 7.2.

7.3. <u>Acknowledgement of Protective Order</u>. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c) or 7.1(d) until the receiving party has obtained a written acknowledgment from such person, in the form described in **Appendix A**, that he or she has received a copy of this Protective Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraphs 7.1(c) or 7.1(d) shall retain the written acknowledgment from each person receiving the Confidential Information, shall maintain a list of all persons to whom the party has disclosed the Confidential Information in accordance with subparagraphs 7.1(c) or 7.1(d), and shall furnish the written acknowledgements and disclosure list to the Court for *in camera* review upon its request. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

7.4. <u>Disclosure to Competitors</u>. Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least 14 days written notice to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized until the Court orders otherwise. For purposes of this Protective Order, "competitor" means any person or entity that operates any online or physical marketplace or retail business with more than 1,000 employees.

7.5. <u>Unauthorized Disclosures</u>. All persons receiving Confidential Information under the terms of this Protective Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential

-10-

25369353.v1

Information. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to retrieve the Confidential Information and to prevent further disclosure. The responsible party must also inform the person(s) to whom unauthorized disclosures were made of all the terms of this Protective Order and obtain written acknowledgment from such person(s), in the form described in Appendix A.

7.6. Court Filings. ~~All material filed with the Court containing or disclosing Confidential Information shall be filed under seal, or in any other manner as designated by the Court to maintain the confidentiality of said material, and shall be available for inspection only by the Court, the Court's staff, counsel of record to the parties and necessary employees of such counsel until further Court order, except as otherwise agreed by the parties and any consenting third party that designated the documents, materials, or information as Confidential Information.~~

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action Confidential Information. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. However, the designation of material as confidential, without more, is insufficient to obtain a sealing order. Any party that seeks to file Confidential Information under seal must comply with Local Rule 141, which governs motions for a sealing order. A sealing order will issue only upon a request establishing that the Confidential Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. Further, the briefing on the motion for a sealing order shall address U.S. Supreme

-11-

25369353.v1

Court and Ninth Circuit standards for whether the material may be filed under seal. Regardless of which party files the motion for a sealing order, the party that designated the material as confidential shall file a brief addressing those standards, and shall have the burden of establishing that the Confidential Information should be filed but not made publicly available.

8.    Care in Storage.  All persons having Confidential Information shall exercise reasonable care to protect against inadvertent disclosure, disclosure to unauthorized persons, and theft or hacking.

9.    Handling during Trial.  Confidential Information that is subject to this Protective Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court.

10.    No Implied Waivers. The entry of this Protective Order shall not be interpreted as a waiver of the right to object to the furnishing of information or documents in response to discovery requests or to object to a requested inspection of documents or facilities. Nor is production of any document or information under this Protective Order an admission that it is admissible in evidence. Nothing in this Protective Order shall prejudice any party from seeking amendments hereto, broadening or restricting the rights of access to or the use of Protected Material, or otherwise modifying this Protective Order by agreement of counsel. This Protective Order or subsequent Court Order may be amended without leave of the Court by the agreement of counsel or the parties in the form of a Stipulation that shall be filed in this case.

11.    Inadvertent Failure to Designate as Confidential. The inadvertent failure to designate any information as Confidential does not waive a party's claim of confidentiality. In the event of disclosure of such information, the information shall be designated as Confidential Information by the party as soon as reasonably possible after learning of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Protective Order. No liability shall

-12-

25369353.v1

attach to any party's use or disclosure of such information from the time of receipt until the party properly designates it as Confidential Information.

12. <u>Inadvertent Disclosure of Privileged Documents or Information</u>. If a party inadvertently produces a document or information that it could have withheld, in whole or in part, under a legitimate claim of privilege, the inadvertent production shall not waive any privilege or result in a subject matter waiver.

A party who determines that it may have received potentially privileged documents or information shall immediately notify the producing party.

A producing party may demand return of any inadvertently produced document or information, and the receiving party shall immediately return them (and any copies thereof) and delete all electronic versions and all notes or other work product reflecting the contents of such material. Alternatively, the receiving party may ~~seek *in camera* review~~ file an appropriate motion within 10 days to obtain a court ruling on privilege, and the parties shall not use such documents or information until the court rules.

13. <u>Parties' Own Documents</u>. This Protective Order does not restrict the parties in their use or disclosure of their own documents and information.

14. <u>Motion to Compel Production of Confidential Information</u>. If any third party moves to compel production of Confidential Information, the party subject to such motion shall immediately notify the parties who originally produced or designated the Confidential Information to allow them an opportunity to oppose the motion. In addition, if a party is ordered to produce Confidential Information covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure, shall immediately be given to the parties who originally produced or designated such Confidential Information. Nothing in this Protective Order requires the party who is ordered to produce such Confidential Information to challenge or appeal such an order.

-13-

25369353.v1

15. No Effect on Other Rights. This Protective Order does not abrogate or affect any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

16. Handling upon Conclusion of Litigation. At the conclusion of this litigation, including any appeals, the parties shall account for each and every copy of the Protected Material and also summaries of the information contained therein, and shall, at Defendants' election, destroy or return all copies and summaries of the Protected Material to SUNBEAM, AMAZON, or their counsel. All parties, counsel, and persons to whom disclosure was made shall return all Confidential Information to the designating party within 90 days of the conclusion of litigation. Counsel shall certify in writing that all such Confidential Information has been returned. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned. In lieu of returning Confidential Information, the person or party possessing it may destroy it and certify such destruction in writing. Each party shall also destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party.

17. Protected Material Subpoenaed or Ordered Produced in Other Litigation. If a party is served with a subpoena or a court order in other litigation that compels disclosure of any information designated in this action as Confidential Information, that party must:

    i.    Promptly provide written notice to the designating party. Such notification shall include a copy of the subpoena or court order;

    ii.    Promptly provide written notice to the party who caused the subpoena or court order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

-14-

25369353.v1

iii.    Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

18.    <u>Non-Party's Protected Material Sought to be Produced in This Litigation</u>.  The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as Confidential Information. Such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protection.

In the event that a party is required, by a valid discovery request, to produce a non-party's protected material in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's protected material, then the party shall:

i.    Promptly provide written notice to the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

ii.    Promptly provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

-15-

25369353.v1

1    iii.    Make the information requested available for inspection by the non-
2  party.

3        If the non-party fails to object or seek a protective order from this court within
4  14 days of receiving the notice and accompanying information, the receiving party
5  may produce the non-party's protected material responsive to the discovery request.
6  If the non-party timely seeks a protective order, the receiving party shall not produce
7  any information in its possession or control that is subject to the confidentiality
8  agreement with the non-party before a determination by the court. Absent a court
9  order to the contrary, the non-party shall bear the burden and expense of seeking
10  protection in this court of its protected material.

11        19.    This Protective Order may be executed in one or more counterparts,
12  each of which, when so executed and delivered, shall be deemed an original, but all
13  of which taken together shall constitute but one and the same instrument. PDF and
14  faxed execution of this Protective Order will constitute original signatures for all
15  purposes.

16

17  IT IS SO STIPULATED.

18  Dated:  February 5, 2020.

19
20  Respectfully submitted,

21

22   _s/ Alexis Galindo_____          _s/ Lisa Gruen_____
23  Alexis Galindo                              Lisa Gruen, Esq.
     CURD, GALINDO & SMITH, LLP.                 GOLDBERG & SEGALLA
24  Attorneys for the Plaintiff Frances         Attorneys for Defendants Sunbeam
     Huber                                       Products, Inc. and Amazon.com
25                                               Services, Inc.

26

27

28

-16-

25369353.v1

THE PARTIES' STIPULATION IS APPROVED AND THE TERMS
THEREOF ARE ORDERED this 24th day of February, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

-17-

25369353.v1

# APPENDIX A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read and understand the Protective Order that was issued by the United States District Court, Eastern District of California in Case No. 2:19-cv-01776-KJM-EFB, on January __, 2020, in the case *Huber v. Amazon.com, Inc., et al.* I agree to comply with, and be bound by, all the terms of the Protective Order and I understand and acknowledge that failure to comply could expose me to court-imposed sanctions or contempt. I promise that I will not disclose any information or documents that are subject to the Protective Order except in strict compliance with the provisions of the Protective Order. I further agree to submit to the jurisdiction of the United States District Court, Eastern District of California, for the purposes of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this case.

Printed name: _____

Physical address: _____

Mailing address: _____

Phone number: _____

Email Address: _____

Signature: _____

Date: _____

-18-